**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| **CHAMBERS OF** | **101 WEST LOMBARD STREET** |
| **STEPHANIE A. GALLAGHER** | **BALTIMORE, MARYLAND 21201** |
| **UNITED STATES MAGISTRATE JUDGE** | **(410) 962-7780** |
| | **Fax (410) 962-1812** |

January 26, 2015

LETTER TO PLAINTIFF AND COUNSEL:

RE:     *Dawn Marie Haviland v. Commissioner, Social Security Administration*;
         Civil No. SAG-13-3686

Dear Ms. Haviland and Counsel:

On December 6, 2013, the Plaintiff, Dawn Marie Haviland, petitioned this Court to review the Social Security Administration's final decision to deny her claim for Disability Insurance Benefits ("DIB"). (ECF No. 1). Ms. Haviland, who was represented by counsel in her administrative proceedings, appears in this Court *pro se.* I have considered Ms. Haviland's Motion for Summary Judgment, the Commissioner's Motion for Summary Judgment, Ms. Haviland's reply, and the arguments Ms. Haviland made in the "Background" document she filed with her complaint. (ECF Nos. 1, 15, 17, 19). I find that no hearing is necessary. Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. § 405(g); *see Craig v. Chater,* 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny Ms. Haviland's motion and grant the Commissioner's motion. This letter explains my rationale.

Ms. Haviland filed her claim on March 26, 2010, alleging disability beginning on December 3, 2005. (Tr. 156-62). Her claim was denied initially on August 27, 2010, and on reconsideration on March 25, 2011. (Tr. 78-81, 88-89). A hearing was held on January 20, 2012, before an Administrative Law Judge ("ALJ"). (Tr. 37-75). Following the hearing, on May 24, 2012, the ALJ determined that Ms. Haviland was not disabled during the relevant time frame. (Tr. 18-36). The Appeals Council denied Ms. Haviland's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the agency.

The ALJ found that during the relevant time period, Ms. Haviland suffered from the severe impairments of disorders of the back and an affective disorder. (Tr. 23). Despite these impairments, the ALJ determined that Ms. Haviland retained the residual functional capacity ("RFC") to

> perform light work as defined in 20 CFR 404.1567(b). The claimant is able to sit, stand, walk, six hours in an eight-hour workday, alternating positions every thirty minutes. On occasion she can perform activities requiring climbing ramps/stairs, stooping, kneeling, crouching, and crawling. She can never perform activities requiring climbing ladders/ropes/scaffolds, balancing, or perform activities that requiring [sic] holding her hands overhead. The claimant is able to understand

*Dawn Marie Haviland v. Commissioner, Social Security Administration*
Civil No. SAG-13-3686
January 26, 2015
Page 2

> and follow simple instructions independently and can manage within a basic
> routine.  She is limited to occasional interaction with others and the general
> public.

(Tr. 25).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that
Ms. Haviland could perform her past relevant work as a garment sorter and, alternatively, could
perform other jobs that exist in significant numbers in the national economy, and that she was
therefore not disabled during the relevant time frame.  (Tr. 19-20).

I have carefully reviewed the ALJ's opinion and the entire record.  *See Elam v. Barnhart*,
386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review
of a *pro se* action challenging an adverse administrative decision, including: (1) examining
whether the Commissioner's decision generally comports with regulations, (2) reviewing the
ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary
record whether substantial evidence supports the ALJ's findings).  Because Ms. Haviland also
made specific legal arguments, I have considered those arguments in my analysis in addition to
the general review appropriate in *pro se* cases.  For the reasons described below, substantial
evidence supports the ALJ's decision.

The ALJ ruled in Ms. Haviland's favor at step one, finding that she had not engaged in
substantial gainful activity since the alleged onset date.  (Tr. 23).  The ALJ's sequential
evaluation appears to address, at step two, each of the impairments Ms. Haviland suffered during
the relevant time frame.  As noted above, the ALJ concluded that Ms. Haviland suffered from
both disorders of the back, which incorporates her thoracic outlet syndrome and degenerative
disc disease, and an affective disorder, which incorporates her mental impairments.  (Tr. 23).
After finding at least one severe impairment, the ALJ continued with the sequential evaluation
process and considered all of the impairments, both severe and non-severe, that significantly
impacted Ms. Haviland's ability to work.  *See* 20 C.F.R. § 404.1523.  Ms. Haviland has not
suggested that the ALJ failed to consider the impact of any particular impairments, but instead
contests the ALJ's evaluations of the impairments he found to be severe.

At step three, the ALJ determined that Ms. Haviland's impairments did not meet the
specific requirements of, or medically equal the criteria of, any listings.  (Tr. 23-24).  The ALJ
considered the specific requirements of Listing 1.04, which relates to back impairments.  (Tr.
24); *see* 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, Pt. A § 1.04.  The ALJ's analysis of this listing is
not particularly helpful, since he simply parrots the requirements of each subsection without
noting which criteria are present or absent in Ms. Haviland's case.  Nevertheless, any error is
harmless, as Ms. Haviland, who bears the burden at step three, has not cited to evidence that each
of the criteria of any of the three subsections has been met.  Although Ms. Haviland argues that
subsection B is satisfied because she needs to change position more than once every two hours,
she has not pointed to confirmation of spinal arachnoiditis in the form of an operative note,
pathology report, or medically acceptable imaging.  *See id.* § 1.04(B).  Ms. Haviland has been
diagnosed with thoracic outlet syndrome and degenerative disc disease.  However, the important
issue in a listing analysis is not simply a diagnosis, but the symptoms accompanying that

*Dawn Marie Haviland v. Commissioner, Social Security Administration*
Civil No. SAG-13-3686
January 26, 2015
Page 3

diagnosis in a particular patient.  The record is clear that Ms. Haviland experiences pain from her conditions, but there is no record evidence to support a finding of motor loss accompanied by sensory or reflex loss, or an inability to ambulate effectively.  Without evidence of at least one of those criteria, Listing 1.04 has not been met or equaled.

The ALJ further considered the specific requirements of Listing 12.04, governing mental impairments.  (Tr. 24-25); *see* 20 C.F.R. Pt. 404, Subpt. P, Appx. 1, Pt. A § 1.06.  The ALJ found that Ms. Haviland had mild difficulties in activities of daily living and social functioning, and moderate difficulties with concentration, persistence, and pace, but had experienced no episodes of decompensation.  (Tr. 24–25).  A finding that the listing has been met requires findings of "marked" difficulties in at least two domains, or in one domain with repeated episodes of decompensation.  Ms. Haviland suggests that there were two mental impairment reports, dated November 25, 2010 and January 12, 2012, which establish that the listing has been met.  Those reports, from Dr. Carlos Millan, were fully addressed by the ALJ.  The ALJ summarized the reports, but noted that Ms. Haviland had submitted only minimal treatment notes from Dr. Millan during the period March 22, 2011 to January 10, 2012.  Those notes demonstrated only that Ms. Haviland's medications were reviewed and refilled.[1]   The ALJ suggests that Dr. Millan's reports are somewhat inherently inconsistent, as they find marked limitations but also note that Ms. Haviland is stable on current medications, can follow simple job instructions, and perform routine, repetitive tasks.  (Tr. 28, 479-84).  The ALJ further notes that Dr. Millan's report is inconsistent with the other evidence of Ms. Haviland's mental condition since, for example, she goes to the gym daily for one to two hours and takes care of her personal needs.  Finally, the ALJ assigned "significant weight" to the opinion of consultative examiner Dr. Cascella, who determined that Ms. Haviland had severe mental limitations, but found far greater capacity than reflected in Dr. Millan's reports.  (Tr. 442-44).  Accordingly, the ALJ supported his/her assignment of "little probative value" to Dr. Millan's reports with substantial evidence.  Ms. Haviland also claims that, because she has been diagnosed with anxiety, she satisfies Listing 12.06.  Compl. at 10.  However, Ms. Haviland has not cited to evidence indicating that she satisfies any of the subsections of Listing 12.06.  Moreover, the ALJ's evaluation of the domains listed in subsection B of Listing 12.04 similarly precludes her from satisfying Listing 12.06.  Accordingly, neither Listing 12.04 nor Listing 12.06 has been met or equaled.

The ALJ then determined Ms. Haviland's RFC assessment.  My review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal standards were applied.  *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971).  Even if there is other evidence that may support Ms. Haviland's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ.  *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence.

---

[1] Additional treatment records from Dr. Millan were submitted to the Appeals Council.  (Tr. 531-42).  However, there is nothing in those records that would cause the ALJ to reconsider his assessment of Dr. Millan's reports.  The treatment notes, spanning from 2005-2012, primarily just list the medications prescribed, along with notations that Ms. Haviland is "doing well."  *Id.*  The few minor exceptions to that generalized condition do not reflect sustained or significant mental impairment.

*Dawn Marie Haviland v. Commissioner, Social Security Administration*
Civil No. SAG-13-3686
January 26, 2015
Page 4

The ALJ began his RFC analysis by summarizing Ms. Haviland's subjective complaints and activities of daily living. (Tr. 25-26). The ALJ also reviewed the medical records, both physical and mental, from 2005-2012. (Tr. 26-28). In that summary, the ALJ included the examination findings and recommendations from consultative examiners Dr. Pezeshki (physical) and Dr. Cascella (mental). (Tr. 27). The ALJ also summarized the treatment notes and opinion forms from Dr. Millan. (Tr. 28). The ALJ made an adverse credibility finding, citing to Ms. Haviland's demeanor at the hearing and her daily activities, which include caring for a young child, going to the gym for up to two hours daily, driving, doing household chores, shopping, and paying bills. (Tr. 29).

With that substantial evidence undermining the opinions of Ms. Haviland's treating physicians, the ALJ was not required to afford those opinions controlling weight. The Fourth Circuit set forth parameters for evaluating medical opinions of treating physicians in *Craig,* 76 F.3d at 590, which were later refined by amendments to 20 C.F.R. § 404.1527. *See Pitman v. Massanari,* 141 F. Supp. 2d 601, 608 (W.D.N.C. 2001). When a medical opinion is from a "treating source," it is given controlling weight only if it is "well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). If a treating physician's medical opinion is not assigned controlling weight, in determining the weight to give the opinion, the ALJ should consider: (1) the length of the treatment relationship and its nature and extent; (2) the supportability of the opinion; (3) the opinion's consistency with the record as a whole; (4) whether the source is a specialist; and (5) any other factors that tend to support or contradict the opinion. 20 C.F.R. § 404.1527(c). Moreover, the only treating physician to render a relevant opinion was Dr. Millan, and the ALJ's treatment of that assessment is addressed above. The opinions Ms. Haviland attributes to Dr. Liberto actually were rendered by Mr. Cohen, who is a physical therapist and not, therefore, an acceptable medical source whose opinion can be assigned controlling weight. (Tr. 397); *see* 20 C.F.R. §§ 404.1513, 404.1527(c). Moreover, there was evidence supporting the ALJ's conclusion that Ms. Haviland was capable of standing and sitting in thirty minute intervals, specifically Ms. Haviland's own testimony about her capabilities. (Tr. 26, 67-68). Accordingly, the ALJ's assignment of weight to medical sources was without error.

Ms. Haviland further objects that no medical source opined that she had the precise RFC assessment determined by the ALJ. However, the ALJ is responsible for assessing a claimant's RFC. 20 C.F.R. § 416.946(c). An ALJ may properly base his RFC determination on a claimant's "subjective complaints, the objective medical evidence, and the opinions of treating, examining, and non-examining physicians," and is not required to obtain an expert medical opinion as to a claimant's RFC. *Felton-Miller v. Astrue,* 459 F. App'x 226, 231 (4th Cir. 2011); *see also Colvard v. Chater,* 59 F.3d 165 (4th Cir. 1995) ("The determination of a claimant's [RFC] lies with the ALJ, not a physician, and is based upon all relevant evidence."). Thus, the fact that the ALJ constructed the RFC assessment from all of the evidence of record, and did not simply select and parrot one physician's opinion, does not undercut the validity of the assessment. Overall, while there are certainly excerpts from the medical record that could be cited to support a finding of disability, the ALJ marshaled substantial evidence to support his

*Dawn Marie Haviland v. Commissioner, Social Security Administration*
Civil No. SAG-13-3686
January 26, 2015
Page 5

conclusion.   Accordingly, because I am not permitted to reweigh the evidence, the RFC assessment must be affirmed.

Next, at step four, the ALJ considered Ms. Haviland's ability to do her past relevant work as a garment sorter, "as actually and generally performed." (Tr. 30). In drawing that conclusion, the ALJ relied on the VE's testimony that, given the RFC determined by the ALJ, Ms. Haviland could perform her past relevant work. Ms. Haviland asserts that, in her past work (which was entitled "shipping and receiving" in a uniform warehouse and not actually called "garment sorter"), she had to stand 7-8 hours per day and perform repetitive motions including overhead motions. Pl. Reply at 6. Even assuming, without deciding, that Ms. Haviland would be unable to perform the precise position she previously held, the testimony of the VE suffices to provide substantial evidence that Ms. Haviland could perform the typical duties of a garment sorter.

The ALJ also made alternative findings at step five, by considering the impact of Ms. Haviland's age and level of education on her ability to adjust to work. (Tr. 30-31). Relying on the Medical-Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ correctly found that an individual of Ms. Haviland's age, education, work experience, and a light RFC is not considered disabled *per se*. (Tr. 30). Since Ms. Haviland's RFC assessment contained additional non-exertional limitations, the ALJ asked the VE whether jobs existed in the national economy that were suited to Ms. Haviland's particular assessment. (Tr. 50). The VE testified that, in addition to her past relevant work, a person with Ms. Haviland's RFC would be capable of performing the jobs of mail clerk and office helper. (Tr. 71). Ms. Haviland argues, without citation to any authority, that the jobs of mail clerk and office helper require actions beyond the scope of her RFC. Pl. Reply 6-7. Her contention is unpersuasive, given the contrary testimony of the VE, who is an expert in vocational requirements. Ms. Haviland further suggests that she would be unable to work as a mail clerk because the United States Postal Service has deemed her to be disabled. However, the "mail clerk" position in question refers to an office setting, not to actual government employment with the postal service. *See* (Tr. 71) ("There would also be the job of a mail clerk that would be inside an office building."). Finally, Ms. Haviland argues that the ALJ should not have relied on the VE's testimony because he did not resolve the "obvious discrepancy" between the VE's testimony and the Dictionary of Occupational Titles ("DOT"). Compl. at 9. Social Security Ruling 00-4P explains that the ALJ has a responsibility to ask the VE about any conflicts between the VE's testimony and the information in the DOT. SSR 00-4P, 2000 WL 1898704, at *4 (Dec. 4, 2000). In this case, the ALJ met that responsibility. He acknowledged that the VE's testimony regarding Ms. Haviland's need to alternate positions was not based on the DOT, and he inquired as to whether there were any conflicts between the VE's testimony and the DOT. (Tr. 73). Based on the VE's testimony, the ALJ then concluded that Ms. Haviland was capable of successfully adjusting to work that exists in significant numbers in the national economy. (Tr. 30-31). I therefore find that the ALJ's determination was supported by substantial evidence.

For the reasons set forth herein, the Commissioner's Motion for Summary Judgment (ECF No. 17) will be GRANTED. The Clerk is directed to CLOSE this case.

*Dawn Marie Haviland v. Commissioner, Social Security Administration*
Civil No. SAG-13-3686
January 26, 2015
Page 6


        Despite the informal nature of this letter, it should be flagged as an opinion and docketed
as an order.


                                Sincerely yours,


                                     /s/


                                Stephanie A. Gallagher
                                United States Magistrate Judge